UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW PHILLIP GROW, <br>                 Plaintiff, <br>       v. <br> D. HARDING, <br>                 Defendant. | Case No. CV 18-3604 DDP(JC) <br><br> MEMORANDUM OPINION AND ORDER DISMISSING ACTION |

## I. BACKGROUND AND SUMMARY

On April 27, 2018, plaintiff Matthew Phillip Grow, who was then housed at Patton State Hospital and is proceeding *pro se*, filed a Civil Rights Complaint ("Complaint").[1] The Complaint was accompanied by neither the $400 filing fee ("Filing Fee"), nor a Request to Proceed In Forma Pauperis with Declaration in Support (Form CV-60) ("Non-Prisoner IFP Application") or a Request to Proceed without Prepayment of Filing Fees with Declaration in Support (Form CV-60P) with a certified copy of plaintiff's trust account statement (or institutional equivalent) and disbursement authorization (collectively "Prisoner IFP Application").

---

[1] The basis for plaintiff's housing at Patton State Hospital (*e.g.*, prisoner, sexually violent predator, other status), is not clear from the record.

Also on April 27, 2018, the Clerk sent a "Notice of Judge Assignment and Reference to a United States Magistrate Judge" ("Notice") to plaintiff at the address he provided on the Complaint ("Address of Record"). The Notice expressly advised plaintiff that he was required to notify the Court within five (5) days of any address change, and that if mail directed by the Clerk to his Address of Record was returned undelivered by the Post Office, and if the Court was not timely notified thereafter of his current address, the Court may dismiss the matter for want of prosecution.

As plaintiff neither paid the filing fee nor filed a Non-Prisoner IFP Application or a Prisoner IFP Application, the assigned Magistrate Judge issued an Order directing plaintiff to either pay the filing fee or to submit a Non-Prisoner IFP Application or a Prisoner IFP Application by May 15, 2018 ("May Order"). The May Order also directed the Clerk to provide plaintiff with the aforementioned forms, and cautioned that plaintiff's failure timely to comply with the May Order may result in the dismissal of the Complaint and this action based upon plaintiff's failure to pay the filing fee, failure timely to file an application to proceed in forma pauperis/without prepayment of the full filing fee, and/or failure to comply with the May Order.

On May 21, 2018, the Notice and May Order which the Clerk sent to plaintiff at his Address of Record were returned as undeliverable.[2] To date, plaintiff has failed to notify the Court of his new/updated address.

///

---

[2] The Court takes judicial notice of the fact that in two prior actions filed by plaintiff in the Central District of California – Case Nos. EDCV 18-587 (Docket No. 3) and CV 18-3115 (Docket No. 3) – plaintiff was sent notices – which were not returned by the Postal Service – which apprised him of his obligation to keep the Court apprised of any address change and of the potential consequences of failing to do so (*i.e.*, dismissal with our without prejudice for want of prosecution). See Fed. R. Evid. 201; Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records).

As discussed below, this action is dismissed due to plaintiff's failure to keep the Court apprised of his correct address, which amounts to a failure to prosecute.

**II.    DISCUSSION**

Pursuant to Local Rule 41-6, a party proceeding *pro se* is required to keep the Court apprised of his current address at all times. Local Rule 41-6 provides in pertinent part:

> A party proceeding *pro se* shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

In the instant case, more than fifteen (15) days have passed since the May Order was served upon plaintiff and returned undelivered by the Postal Service. As noted above, to date, plaintiff has not notified the Court of his new address.

The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). In determining whether to dismiss an action for failure to prosecute, a district court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal . . . or where at least three factors

///

'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

The Court finds that the first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The Court cannot hold this case in abeyance indefinitely based on plaintiff's failure to notify the Court of his correct address. See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal of action for lack of prosecution pursuant to local rule which permitted such dismissal when pro se plaintiff failed to keep court apprised of correct address; "It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not."). The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the Court's inability to communicate with plaintiff based on his failure to keep the Court apprised of his current address, no lesser sanction is feasible. See Musallam v. United States Immigration Service, 2006 WL 1071970 (E.D. Cal. Apr. 24, 2006).

**III. ORDER**

IT IS THEREFORE ORDERED that this action is dismissed for want of prosecution based upon plaintiff's failure to keep the Court apprised of his current address.

IT IS SO ORDERED.

DATED: 8-23-18

_____
HONORABLE DEAN D. PREGERSON
SENIOR UNITED STATES DISTRICT JUDGE

4